**ENDICOTT JOHNSON CORPORATION, Plaintiff–Appellee–Cross–Appellant,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellant–Cross–Appellee.**

**Dockets 97–7265(L), 97–7335(XAP).**

United States Court of Appeals, Second Circuit.

Argued May 27, 1997.

Decided June 17, 1997.

William S. Brandt, Rochester, NY (Nixon, Hargrave, Devans & Doyle, Rochester, New York, on the brief), for Plaintiff–Appellee–Cross–Appellant.

Martha J. Koster, Boston, Massachusetts (Benjamin L. Hincks, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, Massachusetts, on the brief), for Defendant–Appellant–Cross–Appellee.

Before: VAN GRAAFEILAND and KEARSE, Circuit Judges, and HAIGHT, District Judge *.

KEARSE, Circuit Judge:

Plaintiff Endicott Johnson Corporation ("Endicott") moves to dismiss for lack of jurisdiction the appeal of defendant Liberty Mutual Insurance Company ("Liberty") from a final judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, *Chief Judge,* granting Endicott's motion for summary judgment in its action for a declaratory judgment. Judgment was entered on October 30, 1996; Liberty's notice of appeal was filed on February 27, 1997, following the district court's entry of four successive orders, each purporting to extend the time to appeal by 16–30 days. Endicott contends that the district court lacked authority to enter the sec-

* Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of   New York, sitting by designation.

ond, third, and fourth such extensions and that the notice of appeal is thus untimely. We agree, and we dismiss the appeal for lack of jurisdiction. We also dismiss for lack of jurisdiction the cross-appeal filed by Endicott after the filing of Liberty's untimely notice of appeal.

## I.  BACKGROUND

The present action was brought by Endicott for a determination of coverage under certain insurance policies issued by Liberty. The district court granted summary judgment in favor of Endicott, and the final judgment was entered on October 30, 1996. Ordinarily, the deadline for an appeal would have been November 29, 1996.

On November 29, Liberty filed in the district court an "EMERGENCY MOTION TO EXTEND THE TIME FOR FILING A NOTICE OF APPEAL," requesting, pursuant to Fed. R.App. P. 4(a)(5), a 30–day extension of its time to appeal. In support of its motion, Liberty stated that the parties were engaged in settlement negotiations and that such an extension could allow the parties to finalize an agreement. On the same day, the district court granted the motion, extending Liberty's time to appeal to Monday, December 30, 1996. No notice of appeal was filed by that date. Instead, three additional motions for extensions followed.

First, on December 23, 1996, a motion entitled "AGREED TO MOTION FOR THE STAY OF PROCEEDINGS INCLUDING TOLLING OF THE DATE UPON WHICH A NOTICE OF APPEAL MUST BE FILED" was submitted to the court, signed by both sides, requesting an extension of the time to appeal until January 15, 1997. This motion too indicated that the parties were attempting to settle the matter and needed more time for that purpose; the court granted the motion. Second, on January 14, 1997, another motion, again signed by both parties and bearing the same title, was filed. This motion stated that agreement had been reached in principle but that a document had not been signed, and the parties requested an extension of the time to appeal until February 5, 1997. The court granted the motion. Finally, on February 5, 1997, Liberty filed a motion entitled "MOTION FOR THE STAY OF PROCEEDINGS INCLUDING TOLLING OF THE DATE UPON WHICH A NOTICE OF APPEAL MUST BE FILED," this time to extend its time to appeal until February 28, 1997. This motion stated that the additional period was necessitated by a change in Endicott's ownership, which required a redrafting of the settlement documents. The court granted the motion.

The settlement did not come to pass. On February 27, Liberty filed a notice of appeal. On March 7, Endicott filed a notice of cross-appeal.

Endicott has now moved to dismiss Liberty's appeal for lack of appellate jurisdiction on the ground that, after granting the first motion, extending the time to appeal until December 30, 1996, the district court had no authority to extend the time further, and hence Liberty's time to appeal expired on December 30, and its February 27 notice of appeal was untimely. Liberty opposes the motion, contending principally (1) that the district court had "inherent power" to extend the time to appeal (Liberty's Memorandum of Law in opposition to Endicott's motion to dismiss appeal, at 4); and (2) if the court's granting of extensions exceeded its authority, (a) Endicott joined in two of the extension motions and should not be allowed to benefit from a nullity to which it contributed, and (b) "the exceptional facts of this case compel the application of the well-accepted 'doctrine of unique circumstances' to render the appeal timely" (*id.* at 2). We reject Liberty's contentions and conclude that its time to appeal expired not later than December 30, 1996.

## II.  DISCUSSION

Under the Federal Rules of Appellate Procedure, a notice of appeal in a civil case to which the United States is not a party must be filed within 30 days of entry of the judgment from which appeal is taken. Fed. R.App. P. 4(a)(1). This requirement is " 'mandatory and jurisdictional.' " *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (quoting *Browder v. Director, Department of Corrections*, 434 U.S.

257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)); *see Matarese v. LeFevre,* 801 F.2d 98, 104 (2d Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); *In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 514 (2d Cir.), *cert. denied,* 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); *Stirling v. Chemical Bank,* 511 F.2d 1030, 1031 (2d Cir.1975) (per curiam).

■■■ The power of the federal courts to extend this time limitation is severely circumscribed. Rule 4(a)(5) provides, in pertinent part, as follows:

(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... *No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.*

Fed. R.App. P. 4(a)(5) (emphasis added). *See also* Fed. R.App. P. 26(b) (court of appeals has no power to extend deadline for filing notice of appeal); *Matarese v. LeFevre,* 801 F.2d at 104–05; *United States v. Myers,* 692 F.2d 861, 863 (2d Cir.1982) (per curiam). Thus, the district court may, on a showing of good cause or excusable neglect, extend the 30–day appeal period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later, but may not extend it further. *See, e.g., Martinez v. Hoke,* 38 F.3d 655, 656 (2d Cir.1994) (per curiam); *Matarese v. LeFevre,* 801 F.2d at 104–05; *Moore v. Nelson,* 611 F.2d 434, 436 n. 4 (2d Cir.1979); *In re Orbitec Corp.,* 520 F.2d 358, 361 (2d Cir.1975). Nor is the court authorized to grant a motion that was filed beyond the 30–day extension period. *See, e.g., Martinez v. Hoke,* 38 F.3d at 656; *Melton v. Frank,* 891 F.2d 1054, 1056 (2d Cir.1989) ("If ... the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension.").

■■■ If a notice of appeal is filed beyond the period allowed by Fed. R.App. P. 4(a), the court of appeals lacks subject matter jurisdiction to hear the appeal. *See, e.g., Browder v. Director, Department of Corrections,* 434 U.S. at 264, 98 S.Ct. at 560–61; *Matarese v. LeFevre,* 801 F.2d at 104; *Ellender v. Schweiker,* 781 F.2d 314, 316 (2d Cir. 1986); *In re Cosmopolitan Aviation Corp.,* 763 F.2d at 514. If a court lacks subject matter jurisdiction, that defect is not cured by a purported agreement between or among the parties that a case may be heard in that court. *See, e.g., Commodity Futures Trading Commission v. Schor,* 478 U.S. 833, 850–51, 106 S.Ct. 3245, 3256–57, 92 L.Ed.2d 675 (1986); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *United States v. Griffin,* 303 U.S. 226, 229, 58 S.Ct. 601, 602–03, 82 L.Ed. 764 (1938); *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir.1994). Nor, given the mandatory nature of the time limitations, may a party be estopped to assert that the deadline for appeal has not been met.

■■■ Under these principles, assuming *arguendo* that the possibility of settlement constitutes "good cause" within the meaning of Rule 4(a)(5), the district court had the authority to grant Liberty's first motion for an extension of time, for that motion was timely, and the order entered on November 29, 1996, granting the extension to Monday, December 30, 1996, properly extended the deadline for appeal 30 days after the original deadline. *See* Fed.R.Civ.P. 6(a) (when the last day for the doing of an act falls on a Sunday, the period is deemed to end on the next business day). Under Rule 4(a)(5), however, no extension was permitted beyond December 30. Liberty's notion that the district court nonetheless had the inherent power to grant such an extension flies in the face of the Supreme Court's repeated rulings that the time limitations set by that Rule are mandatory and jurisdictional. The court had no authority to grant the second, third, and fourth motions for adjournments to dates in January and February 1997. The latter two motions themselves were unauthorized, as they were filed after December 30; the second extension motion, while timely filed, requested relief that could not be granted. Endicott's joining in that second motion,

which was made prior to the expiration of Liberty's properly extended time to appeal, may have served to lull Liberty into not filing a timely notice of appeal; but that fact does not create subject matter jurisdiction in this Court. In the absence of exceptional circumstances, each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests.

The "unique circumstances" principle invoked by Liberty, in which an appellant's time for appeal may be extended beyond the above deadlines, has no application here. The seminal case is *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam), in which the petitioner had filed in the district court a postjudgment motion for a new trial, which if timely filed would have tolled the time for taking an appeal. In fact, the motion was filed late, but the district court expressly informed the petitioner that it had been filed " 'in ample time.' " *Id.* at 385, 84 S.Ct. at 397. In reliance on that statement, the petitioner did not file an appeal from the judgment until after the new-trial motion had been decided. The Supreme Court ruled that in light of those " 'unique circumstances,' " *id.* at 387, 84 S.Ct. at 399 (quoting *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962) (per curiam)), in which the petitioner had filed a motion that if timely filed would have extended his time to appeal, and the petitioner was assured by the district court that his motion was properly filed, the failure to file a timely notice of appeal should be excused. In those circumstances, "fairness required that the Court of Appeals excuse [petitioner's] untimely appeal." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 178, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989) (explaining *Thompson* ).

Where, however, it is not the court that has misled the party who would appeal, and that party has simply erroneously interpreted the rules with regard to the time for appeal, the circumstances do not warrant an extension beyond the time limits provided by the Rules. *See, e.g., Osterneck v. Ernst & Whinney,* 489 U.S. at 179, 109 S.Ct. at 993 (refusing to apply *Thompson* to a party that

mistakenly viewed its initial notice of appeal as effective despite the pendency of a motion that made its notice a nullity).

> By its terms, *Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.

*Osterneck v. Ernst & Whinney,* 489 U.S. at 179, 109 S.Ct. at 993; *see, e.g., Vine v. Beneficial Finance Co.,* 374 F.2d 627, 632 (2d Cir.), *cert. denied,* 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967) (applying *Thompson* where appellant filed untimely postjudgment motion that, if timely, would have tolled the running of the 30–day period, because district court then held the untimely motion sub judice for two weeks, until the 30–day period for an appeal had expired).

■ No such circumstances are present here. Although Liberty argues that the district court "has inherent power to control proceedings before it and to enter stays in the interest of equity" (Liberty's Memorandum of Law in opposition to Endicott's motion to dismiss appeal, at 4), and the titles of the second, third, and fourth motions suggested that the relief sought by the parties included a "STAY OF PROCEEDINGS" in the district court, in fact there were no ongoing proceedings in that court to be stayed. The final judgment had been entered on October 30, 1996, and there were no pending posttrial motions pursuant to Fed.R.Civ.P. 59 or any other Rule. The only relief the parties requested was further extensions of the time to appeal beyond the 30–day extension initially granted. Since the first order entered by the district court had already granted as long an extension as was authorized by the Rules, the parties' requests for additional extensions, whether or not timely filed, were acts that could not properly achieve postponement of the deadline for appeal. The fact that the court simply signed orders presented to it, purporting to grant the parties' joint requests for relief, does not constitute "unique circumstances." We see no unfairness in precluding the parties from obtaining relief that the court had no power to grant by means of motions the parties were not

authorized to make. In sum, *Thompson* does not apply, and the record reveals no basis for relieving Liberty of its failure to file a timely notice of appeal.

■ Finally, we dismiss *sua sponte* Endicott's cross-appeal for lack of jurisdiction. *See generally Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (even when no party has questioned the court's subject matter jurisdiction, the court has the duty to dismiss *sua sponte* when such jurisdiction is lacking); *Matarese v. LeFevre,* 801 F.2d at 104. A cross-appeal that is not filed within the time provided in Rule 4(a)(1) is timely if filed within 14 days after the filing of the first notice of appeal, *see* Fed. R.App. P. 4(a)(3), but only if the first notice is timely, *see, e.g., id.; Melton v. Frank,* 891 F.2d at 1057. Since Liberty's notice of appeal was untimely, Endicott's later notice was likewise untimely.

## CONCLUSION

We have considered all of Liberty's arguments in support of appealability and have found them to be without merit. For the reasons stated above, the appeal and the cross-appeal are dismissed for lack of appellate jurisdiction.

No costs.