**ENDICOTT JOHNSON CORPORATION, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

No. 92–CV–1689.

United States District Court, N.D. New York.

Dec. 1, 1997.

---

Nixon, Hargrave, Devans & Doyle LLP, Rochester, NY (William Brandt, of counsel), for Plaintiff.

Hurwitz & Fine P.C., Buffalo, NY (Sheldon Hurwitz, of counsel), Mintz, Levin, Cohn Law Firm, Boston, MA (Martha J. Koster, of counsel), for Defendant.

## MEMORANDUM–DECISION & ORDER

MCAVOY, Chief Judge.

## I. BACKGROUND

### A. Introduction

Presently before the Court is a motion by defendant Liberty Mutual Life Insurance Company ("Liberty"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate this Court's final judgment of October 30, 1996, and reenter that judgment to permit Liberty to pursue an appeal. According to Liberty, Rule 60(b) provides the Court with broad discretion to grant the relief requested to prevent injustice.

Plaintiff Endicott Johnson Corporation ("Endicott"), in turn, argues that (1) the doctrine of law of the case requires rejection of Liberty's motion; and (2) Liberty has not demonstrated the presence of exceptional circumstances to permit the relief Liberty seeks under Rule 60(b).

For the reasons that follow, Liberty's motion is DENIED.

### B. Facts and Procedural History

This case arose when Endicott instituted a declaratory action to determine the coverage provided by certain insurance policies issued by Liberty. This Court granted summary judgment to Endicott, and the final judgment was entered on October 30, 1996. Under Fed.R.App.P. 4(a), the parties had 30 days from October 30, 1996 to file a notice of appeal, i.e., until November 29, 1996.

On November 29, 1996, Liberty moved, pursuant to Fed.R.App.P. 4(a)(5), for a 30–day extension to file an appeal. On that same day, this Court granted Liberty's request to extend the time to appeal until December 30, 1996. However, no notice of appeal was ever filed by December 30, 1996.

Instead, on December 23, 1996, the parties submitted a joint motion to extend the time to appeal until January 15, 1997. According to the sides, an extension of the time to file an appeal was necessary because the parties were attempting to settle the matter. This Court granted the motion.

In similar fashion, the sides moved for and were granted two additional extensions, which extended the time to file an appeal until February 28, 1997. The parties, however, never reached a settlement.

Liberty and Endicott each respectively filed a notice of appeal on February 27, 1997 and March 7, 1997. Thereafter, Endicott moved to dismiss the appeal of Liberty for lack of appellate jurisdiction. The Second Circuit held that Fed.R.App.P. 4(a)(5) permits a district court, "on a showing of good cause or excusable neglect, [to] extend the 30–day appeal period for up to 30 days from the original deadline or until 10 days after

the date of entry of the order granting the motion, whichever is later, but [a court] may not extend it further." *Endicott Johnson Corp. v. Liberty Mutual Ins. Co.,* 116 F.3d 53, 56 (2d Cir.1997). The court thus reasoned that in this case no extension to appeal was permitted beyond December 30, 1996. As such, the court dismissed both appeals for lack of appellate jurisdiction.

Liberty now moves this Court to vacate the October 30, 1996 judgment of this Court and reenter that judgment to permit Liberty to pursue an appeal.

## II. DISCUSSION

As an initial matter, Endicott argues that the Second Circuit's determination that the doctrine of "unique circumstances" does not apply to this case forecloses decision on Endicott's Rule 60(b) motion. However, Liberty's Rule 60(b) motion presents a different question, which is governed by a different standard, then that considered by the Second Circuit. Therefore, the doctrine of law of the case does not compel that Endicott's motion be denied.

By its terms, Rule 60(b) permits the court to relieve a party from a final judgment because of (1) "mistake, inadvertence, surprise or excusable neglect"; or (6) "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1), (6). In the instant case, Liberty argues that the erroneous interpretation of Fed.R.App.P. 4(a) by both the parties and the Court provides a basis for vacating the prior judgment of this Court and reentering that judgment to permit an appeal. This Court disagrees.

It is firmly established that ignorance of the law is not the type of "mistake, inadvertence, surprise or excusable neglect" contemplated by Rule 60(b)(1). *See, e.g., Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986). Here, Endicott and Liberty made several motions requesting time extensions to file an appeal, which the Court had no power to grant. Thus, Liberty shares responsibility for the erroneous interpretation of Fed.R.App.P. 4(a), and accordingly, Liberty's motion under Rule 60(b)(1) must be denied.

Second, Rule 60(b)(1) and 60(b)(6) are mutually exclusive, and thus ordinarily a claim that falls under an enumerated ground for relief under 60(b)(1) cannot form a basis for relief under 60(b)(6). *See, e.g., United States v. Cirami,* 535 F.2d 736, 740 (2d Cir. 1976). Assuming *arguendo* that Liberty's claim does not fall within the bounds of Rule 60(b)(1), this case does not present, as Rule 60(b)(6) requires, "extraordinary circumstances." *See, e.g., Klapprott v. United States,* 335 U.S. 601, 614–615, 69 S.Ct. 384, 389–390, 93 L.Ed. 1099 (1949). In contrast to this case, "extraordinary circumstances" have been found where the losing party fails to receive notice of the judgment in time to file an appeal. *See, e.g., Felshina v. Schweiker,* 707 F.2d 71, 72 (2d Cir.1983) (holding that a district court may vacate judgment and reenter judgment when losing party fails to receive notice of entry of judgment). *Felshina* and other so-called "failure of notice" cases are inapposite to this case. Here, Liberty *chose* not to file a notice of appeal based upon its shared misunderstanding of the law. Consequently, Liberty's motion also is denied under Rule 60(b)(6).

## III. CONCLUSION

For the reasons stated above, Liberty's motion is DENIED.

**IT IS SO ORDERED.**