**UNITED STATES of America, ex rel. Richard McALLAN, Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, a Municipal Corporation, and New York City Health and Hospitals Corp., a Public Benefit Corporation, Defendant–Appellees.**

**No. 99–6150.**

United States Court of Appeals, Second Circuit.

Argued: March 8, 2001.

Decided: April 19, 2001.

**50**

Robert A. Ugelow, Brooklyn, NY, for Appellant.

Kathy Marks, Assistant United States Attorney, New York, NY, for amicus curiae United States.

Joseph Willey, Rosenman & Colin LLP, New York, N.Y. (David A. Florman, Catherine G. Patsos, on the brief), for Defendant–Appellee New York City Health and Hospitals Corporation.

Michael D. Hess, Corporation Counsel of the City of New York, New York, N.Y. (Larry A. Sonnenshein, Mordecai Newman, on the brief), for Defendant–Appellee City of New York.

Before JACOBS, CALABRESI, Circuit Judges, ARTERTON, District Judge.[1]

PER CURIAM.

### Background

On May 4, 1999, the district court granted defendants' motion to dismiss, ruling that the alleged violations of the False Claims Act reported by plaintiff to the government had been previously publicly disclosed, and the district court therefore lacked subject matter jurisdiction under 31 U.S.C. § 3730(e)(4)(A). Judgment was entered by the Clerk on May 12, 1999. On May 27, 1999, McAllan filed a motion for reargument and for leave to file an amended complaint.[2] McAllan also filed a timely Notice of Appeal under Fed. R.App. P. 3(a)(1) on June 10, 1999, within 30 days after the judgment entered on May 12, 1999. On July 12, 1999, Judge Knapp denied McAllan's motion. While the court docket sheet reflects that copies of the

---

1. The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

2. This motion was filed pursuant to Southern District of New York Local Rule 6.3, which provides in relevant part that "A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

ruling were mailed to the parties, *see* Docket Entry # 26 "Copies mailed.", copies apparently never reached the parties, nor was a copy forwarded to the clerk of the Second Circuit Court of Appeals as required by Fed. R.App. P. 3(d). Because of their lack of awareness that the pending motion had been decided, on July 20, 1999 the parties stipulated to a withdrawal of the appeal without prejudice to renew within 30 days of entry of an order disposing of the motion, pursuant to Fed. R.App. P. 4(a)(4),[3] which was "So Ordered" by the clerk of the Second Circuit Court of Appeals on August 4, 1999. It is clear that appellant would have had no reason to withdraw his appeal had either party been aware that Judge Knapp had already ruled. There is no indication, however, that the district court's ruling was not promptly entered on the court docket sheet.

According to appellant's post-argument letter brief and attachments thereto, on September 9, 1999, appellant's counsel "dispatched an associate" to the office of the Clerk of the District Court for the Southern District of New York to ascertain the status of the motion for reconsideration, thereafter learning that McAllan's motion had been denied approximately two months previously. McAllan's counsel informed Judge Knapp by letter, stamped "Received" on September 14, 1999, of his belated notice of the ruling, requesting that the decision on the motion for reargument be re-issued in order to allow reinstatement of the appeal. By order dated September 15, 1999 and file-stamped September 21, 1999, Judge Knapp acceded to the request, noting that "[p]laintiff's counsel now applies, in a letter dated September 12, to re-issue our Order denying the motion to reargue so that appeal can be re-instated within thirty days thereafter, in accordance with the Stipulation. Since we credit counsel's account concerning the non-delivery of the July 13 Order, we hereby re-instate such Order as of today's date." The docket sheet states that McAllan's appeal was "re-instated" on October 26, 1999.

## DISCUSSION

■ The Fed. R.App. P. 4 time requirements for taking an appeal have been treated as especially rigid, and a federal court's authority to extend or suspend those limits is narrowly limited. *See, e.g., In re Orbitec Corp.*, 520 F.2d 358, 362 (2d Cir.1975) ("Courts should sanction deviations from the letter of the Rules only on the most compelling showing that [the] purposes [of these rules] are served."); *Mendes Junior International Company v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir.2000) ("The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed."). The requirement of Fed. R.App. P. 4(a)(1), that a notice of appeal be filed "within 30 days after the judgment or order appealed from is entered," is "mandatory and jurisdictional." *Endicott Johnson Corp. v. Liberty Mutual Ins. Co.*, 116 F.3d 53, 55 (2d Cir.1997) (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)). This 30 day period is tolled until entry of an order disposing of the last of certain post-judgment motions, including motions for judgment as a matter of law under Fed.R.Civ.P. 50(b), to amend or make ad-

---

3. "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

52

ditional factual findings under Fed. R.Civ.P. 52(b), for attorneys' fees, to alter or amend the judgment under Fed. R.Civ.P. 59, for a new trial under Fed. R.Civ.P. 59, or for relief under Fed. R.Civ.P. 60. *See* Fed. R.App. P. 4(a)(4)(A). Although a motion for re-argument under Local Rule 6.3 "is not one of those that, under FRAP Rule 4(a)(4)(A), postpones the deadline for appeal," *Lichtenberg v. Besicorp Group, Inc.*, 204 F.3d 397, 403–4 (2d Cir.2000), a post-judgment motion requesting alteration or amendment of the judgment but denominated as something other than a motion under Rule 59 "is generally treated as having been made under Rule 59(e), thereby extending the time to appeal, if the motion was filed within the 10–day period allowed for a Rule 59(e) motion." *Id.* at 401; *see also City of Hartford v. Chase*, 942 F.2d 130, 133–34 (2d Cir.1991) ("Motions for reconsideration under [D. Conn. Local Rule] 9(e) . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R.Civ.P. 59(e)—each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance. As such, for purposes of Rule 4(a)(4), we believe that a motion under local rule 9(e) must be treated the same as a motion under Rule 59.").

■ Construing McAllan's Rule 6.3 motion for reconsideration as a Rule 59(e) motion, and assuming it was timely filed within the ten day period for such motions, his notice of appeal was required to have been filed within 30 days after the district court's Order denying that motion, i.e. by August 12, 1999. Even allowing for the sole thirty-day extension of time permitted by Fed. R.App. P. 4(a)(5), any appeal of Judge Knapp's ruling denying the motion for reconsideration was due no later than September 13, 1999. McAllan's notice of

appeal filed October 26, 1999 was plainly untimely, depriving this Court of jurisdiction absent "unique circumstances." *Thompson v. INS*, 375 U.S. 384, 387, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam).

■ In essence, appellant's solution to his late discovery of the deadline-triggering order sought to expand appellate jurisdiction by asking the district court to re-write history and "re-issue" his order from which a "timely" appeal could then be taken. New jurisdictional life cannot be breathed into an appeal whose filing time has already expired, unless unique circumstances so require. *See Mendes Junior Internat'l*, 215 F.3d at 311 ("[W]e do not interpret the rules of procedure as allowing the court to revive a losing party's right to appeal after both the original appeal period and the permissible grace period have expired. . . .").

■ Fed. R.App. P. 4(a)(6) permits a district court to "re-open" the time to file an appeal for a period of 14 days if:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

This provision precisely addresses McAllan's situation. Thus, construing McAllan's letter to the District Court as a motion under Rule 4(a)(6), his notice of appeal, to be timely, had to be filed within 14 days of Judge Knapp's Order "re-issuing" his previous order. Instead,

McAllan and defendants-appellees operated under the mistaken assumption that the 30 day time period provided for in their Stipulation extended the time for appeal. However, the district court has no equitable powers to alter appellate timelines, and the fact that the parties agreed so to expand the time to appeal cannot serve to confer jurisdiction on this Court. *See Endicott,* 116 F.3d at 57 (finding appeal untimely despite fact that district court had granted four extensions of the time to appeal in order to facilitate settlement and both parties had consented to extension; rejecting contention that district court had "inherent powers to control proceedings before it and to enter stays in the interest of equity"). Moreover, appellant's failure to file a timely notice of appeal is not excused by what he characterizes as the "serious administrative errors" and docketing irregularities of the Southern District's clerk's office, because parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal. *See In re OPM Leasing Serv.,* 769 F.2d 911, 916 (2d Cir.1985) (district court's denial of motion for extension of time to appeal not an abuse of discretion, where parties did not receive copies of ruling and did not anticipate that district judge would rule as quickly as he did, because "[c]ounsel should not be encouraged to neglect their duty to monitor the docket on the basis of speculation as to the probable date of decision"); *see also Bortugno v. Metro–North Commuter RR,* 905 F.2d 674, 676 (2d Cir.1990) (failure of court clerk to send notice of entry of judgment does not render counsel's failure to learn of entry "excusable neglect" within meaning of Fed. R.App. P. 4(a)(5) such that extension of time in which to file notice of appeal is justified).

Appellant's reliance on the "unique circumstances" doctrine recognized in *Thompson* to excuse the untimely filing of his appeal is unavailing, because the District Court gave no assurances to McAllan that his strategy would toll the appellate deadlines; it merely acceded to McAllan's request without independent consideration of its efficacy. The Supreme Court has held that the doctrine applies only to situations "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). As we have previously held, "[t]he fact that the court simply signed orders presented to it, purporting to grant the parties' joint requests for relief, does not constitute 'unique circumstances.'" *Endicott,* 116 F.3d at 57. Nor can the "So Ordered" entry by the clerk of the Court of Appeals on the parties' Stipulation constitute a specific judicial assurance that the Stipulation could achieve its stated objective. Although Fed. R.App. P. 3(d)(1) requires the district clerks to send subsequent docket entries, including the Order denying reconsideration, to the "clerk of the court of appeals named in the notice," this Rule does not impose an obligation on the clerk's office to monitor the docket sheet and highlight for the parties the wisdom, or lack thereof, of a particular filing. Further, there is no indication that the clerk failed to docket Judge Knapp's order correctly, or timely enter it into the computerized docketing system. *See, e.g., Hollins v. Department of Corrections,* 191 F.3d 1324, 1328 (11th Cir.1999) ("unique circumstances" excused petitioner's failure to timely file appeal, where counsel relied on district court's electronic records system which failed to show that final order had been entered). The "unique circum-

**54**

stances" doctrine simply is not applicable to the facts of this appeal, and accordingly cannot confer jurisdiction that otherwise would not exist.

We are mindful of the severity of this result, but as the Supreme Court has observed, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke,* 471 U.S. 84, 101, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985). Moreover, as earlier discussed, Rule 4(a)(6) does provide a remedy for parties finding themselves in what McAllan describes as his "administratively compromised situation." As the facts surrounding the filing of McAllan's appeal do not fit within the narrow confines of the "unique circumstances" exception, and McAllan did not proceed under the time frame provided by Fed. R.App. P. 4(a)(6), his October 26, 1999 notice of appeal is untimely, depriving this Court of jurisdiction to hear his appeal.

### Conclusion

We have considered appellant's other arguments in support of appellate jurisdiction, and find they are without merit. For the reasons set forth above, we dismiss the appeal for lack of jurisdiction.