**Curtis Edger COBB, Plaintiff–Appellant,**

v.

**GREENVILLE MUNICIPAL COURT, State of New York; Hon. Judge Linda Schleich; T.F.C. Robert Dixon, Badge # 1704; Orange County, Orange County Municipal Court; City of Port Jervis; Orange County of the State of New York; Deanna Schleich; Joel Kleinman, Commissioner of Finance, Orange County, Defendants–Appellees.**

No. 00–7363.

United States Court of Appeals, Second Circuit.

May 15, 2001.

Curtis Edger Cobb, Paris, TX, pro se.

Rita G. Rich, Middletown, NY, for appellee Town of Greenville.

Richard B. Golden, County Attorney, Orange County Department of Law; Susan Z. Stockburger, of counsel, Goshen, NY, for appellees Joel Kleinman, Commissioner of Finance, County of Orange, and County of Orange.

Present NEWMAN, CABRANES, Circuit Judges, UNDERHILL, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal be and it hereby is DISMISSED.

Curtis Edger Cobb, appearing *pro se,* appeals from a judgment entered January 7, 2000, dismissing his complaint for failure to state any claim upon which relief could be granted. Cobb filed his notice of appeal, along with a motion for an extension of time to file a notice of appeal, on March 13, 2000. In an order entered on March 28, 2000, the District Court, citing Cobb's excusable neglect, granted his motion pursuant to FED.R.APP.P. 4(a)(5) and allowed this appeal to proceed.

This Court lacks jurisdiction to hear Cobb's appeal from the District Court's judgment because that appeal was not timely. Although the District Court granted Cobb an extension of time, it erred in so doing since FED.R.APP.P. 4(a)(5) states plainly that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." FED.R.APP.P. 4(a)(5)(A). In the instant case, Cobb had until February 6, 2000, thirty days after the District Court's judgment, to file a timely appeal. *See* FED.R.APP.P. 4(a)(1). He did not file his motion for an extension of time until March 13, 2000, more than thirty days after the expiration of that deadline. The District Court, thus, lacked the authority to grant him an extension of time under FED.R.APP.P. 4(a)(5). *See Endicott Johnson Corp. v. Liberty Mutual Insurance Co.,* 116 F.3d 53, 56 (2d Cir. 1997). Accordingly, Cobb's appeal is untimely and we lack jurisdiction to hear the appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

For the reasons set forth above, the appeal is hereby DISMISSED.

* Of the United States District Court for the District of Connecticut, sitting by designation.