**Darrell CONERLY, Plaintiff–Appellant,**

v.

**INTERNATIONAL BUSINESS MACHINES CORP., et al., Defendants–Appellees.**

**Docket No. 01–7036.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2002.

Darrell Conerly, Stamford, CT, pro se.

John Houston Pope, Hogan & Hartson LLP, New York, NY, for Appellee.

Present POOLER, Circuit Judge, KAPLAN, District Judge.[*] [**]

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.

Darrell Conerly appeals from the district court's post-judgment order denying his motion for an extension of time to appeal. For the reasons given below, we affirm in part and vacate and remand in part.

Conerly brought suit against International Business Machines Corp. ("IBM") in May 1998 alleging employment discrimination and tortious conduct. The district court granted IBM's motion for summary judgment on all claims, and judgment was entered on June 15, 2000. Conerly filed a notice of appeal on August 15, 2000. The district court sent this Court a copy of the notice of appeal, and attached to it a form entitled "notice of appeal and motion for extension of time" which stated Conerly did not receive the judgment until August 10, 2000. The district court, record, however, does not indicate that a motion for an extension of time was filed.

In October 2000, IBM moved to dismiss the appeal for lack of jurisdiction on the ground that Conerly's notice of appeal was untimely filed. Conerly replied that he did

---

[*] The Honorable Lewis A. Kaplan, United States District Court Judge for the Southern District of New York, sitting by designation.

[**] The Honorable Sonia Sotomayor of the United States Court of Appeals for the Second Circuit was originally assigned as a member of the panel, but recused herself prior to oral argument and did not participate in the appeal. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. National Broad. Co.*, 35 F.3d 45, 46 (2d Cir.1994).

not receive a copy of the judgment from his attorney until August 10, 2000.

In December 2000, we dismissed the appeal for lack of jurisdiction based on the untimely notice, but remanded for the district court to rule on the motion for extension of time to file. On remand, we directed the district court to consider Conerly's motion for an extension of time to file under Fed. R.App. P. 4(a)(6). Shortly thereafter, Conerly filed in district court a motion for an extension of time to file his appeal pursuant to Fed. R.App. P. 4(a)(6). The district court denied Conerly's motion.

However, the district court order reflects some confusion as to what document the court considered to be the motion for an extension. The district court stated that its docket sheet "shows there was no motion for an extension of time." It then quotes language from the notice of appeal, and makes no mention of the "notice of appeal and motion for extension of time," which was transmitted to this Court from the district court. Thus, it appears that the motion for an extension of time this Court directed the district court to decide was not before that court when it denied the extension.

Conerly timely appealed the district court's denial of his motion for an extension of time. On appeal, he argues he was entitled to relief under both Fed. R.App. P. 4(a)(5) and (6) and that the district court improperly denied his motion for an extension of time because it erroneously found that he received actual notice of the district court's judgment on or around July 24, 2000, the date of his attorney's letter informing him of the judgment, although he provided evidence to support his contention that he did not receive notice until August 10, 2000 because he was traveling abroad between July 20, 2000, and August 10, 2000.

■ We review a district court's denial of a motion for an extension of time to file an appeal for abuse of discretion. *United States v. Carson,* 52 F.3d 1173, 1180 (2d Cir.1995). To be timely, a notice of appeal must be filed in district court 30 days following the date of entry of judgment. Fed. R.App. P. 4(a)(1). If a notice of appeal is filed after the 30–day period, a district court may extend the time to appeal upon a party's motion and satisfaction of Fed. R.App. P. 4(a)(5) or (6). If no extension of time is granted, we lack jurisdiction to consider the appeal. *Endicott Johnson Corp. v. Liberty Mutual Ins. Co.,* 116 F.3d 53, 56 (2d Cir.1997).

■ We find the district court did not abuse its discretion in denying Conerly's motion under Rule 4(a)(6). To qualify for an extension under 4(a)(6), the moving party must show (1) he was entitled to a notice of the entry of the judgment; (2) he did not receive such notice from the clerk or any party within 21 days of its entry; (3) no party would be prejudiced by the extension; and (4) he moved within 180 days of entry of judgment or within seven days of receipt of such notice, whichever is earlier. Fed. R.App. P. 4(a)(6). The record here shows copies of the judgment and notice of right to appeal were mailed to Conerly's attorney on the date judgment was entered. Furthermore, as Conerly was represented by counsel at the time, service of judgment was required to be made upon his attorney. Fed.R.Civ.P. 5(b), *Avolio v. County of Suffolk,* 29 F.3d 50, 53 (2d Cir.1994).

■ However, we remand for the district court to consider whether Conerly is eligible for an extension under the excusable neglect standard set forth in Fed. R.App. P. 4(a)(5). It appears Conerly filed a motion for an extension of time before the 30–day grace period provided for in the statute. While the motion is not noted on the district court docket sheet and is not in the record, it was apparently at-

tached to the notice of appeal when the document was filed. Further, it appears this Court may have contributed to the confusion when on its prior remand it directed the district court to consider whether Conerly was entitled to relief under Fed. R.App. P. 4(a)(6) rather than 4(a)(5).

Thus, we affirm the district court as to its denial of relief under Fed. R.App. P. 4(a)(6), but remand for a determination of whether relief is warranted under Fed. R.App. P. 4(a)(5). The Clerk's Office is hereby directed to send the district court a copy of the notice of appeal and motion for extension of time, the affirmation of service and a copy of the travel documents Conerly submitted to this Court.