**Madeline DEMPSTER, Plaintiff,**

v.

**George G. DEMPSTER, the law firm of Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C., J. Stanley Shaw, Esq., Jeffrey Schwartz, Esq., Frank J. Livoti, Esq., Edward Flint, Alfred Amadio, Esq. and William Alesi, Esq., jointly and individually Defendants.**

**No. 03 CV 1127 JS ARL.**

United States District Court,
E.D. New York.

Dec. 13, 2005.

Thomas F. Liotti, Esq., Law Offices of Thomas F. Liotti, Garden City, NY, for Plaintiff.

A. Michael Furman, Esq., Kaufman, Borgeest, & Ryan LLP, New York City, for Defendants: Shaw, Licitra, Boner, Esernio, Schwartz & Pfluger, P.C.; Shaw; Schwartz; Livoti; Flint; and Amadio.

George G. Dempster, Garden City, NY, Pro se.

## MEMORANDUM AND ORDER

SEYBERT, District Judge.

On March 30, 2005, this Court issued an Order dismissing Plaintiff Madeline Dempster's ("Plaintiff") claims against Defendants Shaw, Licitra, Bohner, Esernio, Schwartz, & Pfluger, P.C. ("the Law Firm"); J. Stanley Shaw, Esq. ("Shaw"); Jeffery Schwartz, Esq. ("Schwartz"); Frank J. Livoti, Esq. ("Livoti"); Edward Flint, Esq. ("Flint"); Alfred Amadio, Esq. ("Amadio") (collectively, the "Law Firm Defendants"); William Alesi, Esq. and George G. Dempster ("Dempster"). Pending before the Court is Plaintiff's motion, pursuant to Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6), for the Court to enlarge Plaintiff's time to file a notice of appeal. For the reasons set forth herein, the Court orders that an evidentiary hearing be conducted to resolve the issue of when Plaintiff received notice of the entry of a judgment dismissing Plaintiff's claims.

## BACKGROUND

The substantive facts underlying this action are set forth in this Court's March 30, 2005 Order ("March Order"). The following is a recitation of only the facts pertinent to the instant motion.

On March 30, 2005, this Court issued an Order dismissing Plaintiff's RICO claims

as barred by the statute of limitations. Because it was Plaintiff's second failed attempt at pleading, and because of the nature of the deficiencies in Plaintiff's RICO claims, the Court dismissed Plaintiff's RICO claims with prejudice. The Court dismissed Plaintiff's remaining state law claims without prejudice.

The March Order was docketed, posted to the Eastern District of New York's Electronic Case Filing System ("ECF") on March 30, 2005. The Order of Judgment ("Judgment") was entered in similar fashion on the following day, March 31, 2005. The docket indicates that Plaintiff's counsel's office received notice via electronic mail ("e-mail") of both the entry of the March Order and the entry of the Judgment.

Plaintiff's counsel avers that he never received any e-mail notification of either the issuance of the Order or the entry of the Judgment. Instead, Plaintiff's counsel states that he first learned of the ruling on August 18, 2005, when he received a letter from his client, advising him that an order had been entered in this action. He claims that, "[u]ntil August 8[sic], 2005[his] office never received word of the decision." (Liotti Aff. ¶ 4.) Plaintiff's counsel states that after learning of the entry of the March Order, he promptly telephoned this Court and filed the instant motion.

In support of the instant application, Plaintiff's counsel has submitted his own affirmation and the affidavits of two employees. One of the employees is an administrative assistant typically in charge of monitoring the receipt of ECF e-mails in Plaintiff's counsel's office. The administrative assistant was out of the office with a physical malady between February and May of 2005, and thus would not have been in the office when notification of the order and judgment were sent. The other employee, a paralegal charged with monitoring the office's electronic correspondence in the administrative assistant's absence, states that she checked for e-mail notifications during the pertinent period, but did not see any messages concerning this action.

Based upon a purported lack of receipt of notice of the March Order, Plaintiff requests that the Court either extend her time to file a notice of appeal, or re-open her time for filing a notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6). The Law Firm Defendants oppose the instant motion, contending that Plaintiff has failed to establish lack of receipt of notice of the judgment, and that Plaintiff has otherwise failed to provide any basis to extend the time to file an appeal. In addition, the Law Firm Defendants argue that any appeal would be baseless.

## DISCUSSION

I. *The Requirements Of Federal Rule Of Appellate Procedure 4*

The time for filing a notice of appeal in a civil case is governed by Rule 4 of the Federal Rules of Appellate Procedure. *See* Fed.R.Civ.P. 4(a)(1). Rule 4(a)(1) provides that "the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." *Id.* The requirements of Rule 4 are "mandatory and jurisdictional." Thus, a district court's authority to extend the time for filing a notice of appeal is "severely circumscribed." *Endicott Johnson Corp. v. Liberty Mutual Insur. Co.,* 116 F.3d 53, 56 (2d Cir.1997); *see also Neishlos v. City of New York,* No. 00–CV–914, 2003 WL 22990083 at *1 (S.D.N.Y. Dec. 18, 2003).

Rule 4(a) contains two provisions permitting a district court to extend Rule 4(a)(1)'s 30–day mandatory and jurisdic-

tional requirement. First, Rule 4(a)(5) permits a district court, "upon a showing of good cause or excusable neglect, [to] extend the 30–day appeal period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later." *Endicott*, 116 F.3d at 56. However, in order for a party to avail themselves of an extension under Rule 4(a)(5), that party must "move [for an extension] no later than thirty days after the [30–day period otherwise applicable] expires." Fed. R.App. P. 4(a)(5)(A)(i); *see also Endicott*, 116 F.3d at 56 ("Nor is [a district court] authorized to grant a motion that was filed beyond the 30–day extension period"); *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir.1994) ("Under subdivision (5), the district court may extend the time upon a motion filed not later than 30 days after expiration of the original period, provided there is a showing of excusable neglect or good cause" (internal quotations omitted)).

Rule 4(a)(6) provides relief from the seemingly harsh time constraints imposed by Rules 4(a)(1) and 4(a)(5). *See Avolio*, 29 F.3d at 52. Specifically, Rule 4(a)(6) permits a district court to reopen the time to file an appeal where the movant was: "(1) ... entitled to notice of entry of the judgment; (2) ... did not receive such notice from the clerk or any party within 21 days of its entry; (3) ... no party would be prejudiced by the extension; and (4) [the motion to reopen was made] within 180 days of entry of the judgment or within 7 days of ... receipt of such notice, whichever is earlier." *Id.* Relief under subsection 6 is available only where the movant has satisfied the foregoing criteria.

II. *Application*

The final order of judgment in this action was entered on March 31, 2005 and Plaintiff's time for filing a notice of appeal lapsed on April 30, 2005. Plaintiff, therefore, may only proceed on appeal if either of the aforementioned exceptions permits a later filed appeal.

A. *Rule 4(a)(5)*

While Plaintiff cites Rule 4(a)(5) in support of her motion, it is not seriously argued that an extension under 4(a)(5) is available. The 30–day "grace period" for seeking an extension pursuant to Rule 4(a)(5) expired on May 30, 2005, and thus Plaintiff is precluded from availing herself of this subsection. *See Panizza v. Mattel*, No. 02–CV–7722, 2004 WL 324893 at *1 n. 1 (S.D.N.Y. Feb. 19, 2004).

B. *Rule 4(a)(6)*

■ Plaintiff, however, is not similarly time-barred from seeking a reopening of the time for filing an appeal under Rule 4(a)(6). The key issue is whether and when Plaintiff received notice of the March Order and Judgment.

At the time the Order was issued and the Judgment entered, Plaintiff was represented by counsel. Thus, the Clerk's service of the orders upon Plaintiff's counsel was proper. *See* Fed.R.Civ.P. 5, 77(d); *Ryan v. First Unum Life Insur. Co.*, 174 F.3d 302, 305 (2d Cir.1999). The electronic docket sheet indicates that notices of the Order and the Judgment were sent by the Clerk to Plaintiff's counsel via e-mail, without incident, on or about March 31, 2005. E-mail service of a notice of the entry of an order or judgment is authorized in this district and has been deemed to constitute proper service pursuant to Federal Rule of Civil Procedure 77. *See* E.D.N.Y. Administrative Order 97–12 ¶ 9 (October 1997) (detailing electronic filing procedures that provide, *inter alia*, e-mail notification of the entry of order by the Clerk to parties registered for ECF "shall constitute notice as required by Rule 77(d)"); E.D.N.Y. Ad-

ministrative Order 2004–08 (adopting ECF).

If the docket entry were accurate, Plaintiff would not be able to seek any extension of time under subsection 6 because Plaintiff's counsel's office "receive[d] ... notice [of the Order and Judgment] from the district court ... within 21 days after entry." *See* Fed. R.App. P. 4(a)(6)(B); *see also Am. Boat Co. v. Unknown Sunken Barge,* 418 F.3d 910, 913 (8th Cir.2005). Notwithstanding the information contained on the docket sheet, however, Plaintiff's counsel alleges that his office never received any e-mail notification of either the Order or the Judgment.

Plaintiff's counsel's objection begs the question of what significance is to be given to a docket entry indicating electronic service upon a party. The same issue was recently addressed by the Eighth Circuit in *American Boat Company v. Unknown Sunken Barge,* 418 F.3d at 913. There, the Eighth Circuit agreed with the district court's conclusion that, where the Clerk's ECF docket entries indicate "that an e-mail was sent [to a party] and not returned as undeliverable, then receipt of that e-mail would be presumed." *Id.* at 913–14. In reaching that conclusion, the Eighth Circuit acknowledged the maxims that "the clerk's docket entries are presumed correct in the absence of reliable evidence to the contrary," and that information sent via a reliable means, such as e-mail, may be presumed to be received. *Id.* at 914. As both of the foregoing maxims have been recognized by courts in this Circuit, the Court adopts the Eighth Circuit's reasoning and finds that the docket entries concerning delivery of the Order and Judgment in this action create a presumption that Plaintiff's counsel received notice of both orders. *See, e.g., Backo v. Local 281, United Bhd. of Carpenters and Joiners of Am.* 438 F.2d 176, 178 (2d Cir.1970)

(recognizing docket entry as "prima facie evidence" of the time when a complaint was filed); *Kurz v. Chase Manhattan Bank USA, N.A.,* 319 F.Supp.2d 457, 463 (S.D.N.Y.2004) ("It is well settled that evidence of proper mailing gives rise to a rebuttable presumption of receipt.").

■ However, the Eighth Circuit also recognized, as does this Court, that such docket entries only create a *presumption* of receipt—a presumption that can be rebutted by a sufficient showing by the party denying receipt. In *American Boat,* the Eighth Circuit found a showing that "several intended recipients, most of whom were officers of the court ... did not receive [notice of the challenged order]" warranted an evidentiary hearing to decide whether the presumption of delivery and receipt were rebutted. 418 F.3d at 914. Specifically, the court relied upon the movant's showing that: (1) the ECF system was only operational for a "few weeks," and might be subject to some "glitches;" (2) the lack of adequate operation was evidenced by the fact that "none of the attorneys who were designated to receive paper notice received a copy of the court's order;" and (3) another, non-moving party who was designated to receive electronic notification did not receive any notification. *Id.*

Albeit in a different context (concerning notification sent by the clerk of the court via first class mail), the Ninth Circuit in *Nunley v. City of Los Angeles,* found that the mere denial of receipt sufficiently rebutted the presumption of receipt such that the district court was obligated to "weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." 52 F.3d 792, 796 (9th Cir.1995). The *Nunley* court recognized, however, that denial of receipt simply "bursts the bubble" of pre-

sumed receipt. The Ninth Circuit cautioned, "the movant still bears the burden of proving non-receipt .... The factual question of receipt remains and may be decided in favor of receipt from the evidence of mailing, in spite of contrary evidence." *Id.*

Here, the Court is met with the very circumstances considered in *American Boat* and *Nunley*. Accordingly, the Court orders the Parties to appear for an evidentiary hearing concerning the issue of receipt. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court refers the matter to Magistrate Judge Arlene R. Lindsay to conduct an evidentiary hearing and submit proposed findings of fact to the Court concerning whether and when Plaintiff's counsel received notice of the March Order and Judgment.

SO ORDERED.