21-1447-cv
Welch v. Bio-Reference Laboratories, Inc.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

ERNESTINE WELCH,

*Plaintiff-Appellant*,

v.                                                                   No. 21-1447-cv

BIO-REFERENCE LABORATORIES, INC.,

*Defendant-Appellee*,

TERRY TUCKER, SUPERVISOR, JEAN

VOUGHT, SUPERVISOR,

*Defendants.*\*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:      Ernestine Welch, *pro se*, Hudson, NY

FOR DEFENDANT-APPELLEE:      William R. Horwitz, Faegre Drinker Biddle & Reath LLP, New York, NY

Appeal from orders of the United States District Court for the Northern District of New York (Brenda Kay Sannes, *Judge*).

Ernestine Welch, proceeding pro se, appeals from two post-judgment orders of the United States District Court for the Northern District of New York (Sannes, J.). The first order from which Welch appeals denied her motion to vacate the judgment dismissing her case after she and defendant Bio-Reference Laboratories, Inc. ("Bio-Reference") entered a settlement agreement. The second order from which she appeals denied her motion for reconsideration or amendment of the judgment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

Welch sued Bio-Reference, her former employer, asserting that she had been the victim of discrimination, retaliation, and a hostile work environment. Welch (represented at the time by counsel) and Bio-Reference appeared at a November 2020 settlement conference with the Magistrate Judge (Stewart, M.J.) and agreed to settlement terms. The main points of the settlement were summarized on the record. In exchange for dismissing the lawsuit, Welch would (1) receive "a settlement payment in the gross amount of $18,000[,] less withholding as W-2 wages," (2) be responsible for "all taxes on the settlement payment," and (3) "indemnify Bio-Reference for any tax liability." Supp. App'x 65. The Magistrate Court repeated its understanding of a "global settlement for $18,000" and confirmed that Welch had discussed the pros and cons with her attorney, understood it was a compromise, and was "in agreement" with the outcome. Supp. App'x 70-72.

The written agreement stated that the $18,000 settlement would consist of $14,000 sent to Welch, "less applicable withholding," and $4,000 to her lawyer for attorney's fees. Supp. App'x 32. It also established a 21-day review period and 7-day post-signature revocation period, after which Bio-Reference would file a fully executed stipulation of dismissal with prejudice in the District Court if

3

Welch had not revoked the agreement. The revocation process required Welch to contact defense counsel before the 7 days expired. At Bio-Reference's request, Welch executed and sent to Bio-Reference a Form W-4 to facilitate the settlement payment. Supp. App'x 25, 46.

On December 23, 2020, Welch signed the final settlement agreement, which provided that the settlement would be subject to applicable tax withholding but did not specify a withholding rate. Supp. App'x 32, 43. On December 31, 2020, Bio-Reference sent the settlement check to Welch in the amount of $8,502.20. The pay stub accompanying Welch's check classified the $14,000 payout as "SEVERANCE." The assessed withholding was $3,080 in federal taxes, $1,347 in New York taxes, and $1,060 in FICA taxes.

Welch was upset when she received the check because it was for substantially less money than she expected. She wrote to the Magistrate Judge, complaining that Bio-Reference had improperly characterized the settlement payment as "wages[] subjected to tax withholdings," when her understanding was that "the defendants[ were] not required to withhold payroll taxes from the award." Dist. Ct. Dkt. No. 34, at 2. Welch's letter was filed with the District Court on January 4, 2021, but not docketed until January 12. Also on January

4

12—after the objection letter was filed but before it was docketed—the District Court dismissed the case. Supp. App'x 21.

On February 16, 2021, at a hearing with the Magistrate Judge, Welch clarified that her objection was to the classification of the payment as "severance," which she contended had placed it in a higher tax bracket. Supp. App'x 53-54. The Magistrate Judge construed the letter as a motion to reopen the case under Federal Rule of Civil Procedure 60(b) and recommended that the District Court deny it "in light of the voluntary, clear, explicit and unqualified settlement that was placed on the record." Supp. App'x 78-80. By order dated May 10, 2021, the District Court accepted the Report and Recommendation and denied the motion. Supp. App'x 83-84. By order dated June 11, 2021, the District Court denied a subsequent motion from Welch that it construed as requesting reconsideration of its May 10, 2021 order.[1] The District Court held that Welch's

---

[1] In view of Welch's pro se status, the motion should have been construed as a motion to alter or amend the judgment under Rule 59(e), which may be filed up to 28 days after the entry of judgment. See Fed. R. Civ. P. 59(e); see also United States ex rel. McAllan v. City of New York, 248 F.3d 48, 52 (2d Cir. 2001).

second motion was both untimely (filed twenty-five days after the original order) and without merit. Supp. App'x 85-89. Welch appealed both orders.[2]

We need not decide what standard of review applies to Welch's appeal, because it fails even under de novo review, the standard most favorable to her. A settlement agreement is a contract. See Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). Welch settled her case with the assistance of counsel and, as she no longer disputes, was warned that tax would be withheld from the settlement payment. The parties' failure to specify the withholding rate is not a reason to set aside their settlement agreement. To the extent that Welch claims that Bio-Reference hid the classification from her, causing a unilateral mistake, there is no basis in the record for us to conclude that Bio-Reference was even aware of her classification preference or had any motive to wrongfully withhold amounts that would be remitted to the tax authorities. See Middle E. Banking

---

[2] Bio-Reference construes Welch's appeal as challenging only the denial of the motion for reconsideration, but Welch's notice of appeal and opening brief indicate that she intends to challenge the denial of the underlying motion as well. Our appellate jurisdiction extends to both orders because Welch's timely Rule 59(e) motion tolled the period to appeal the denial of Rule 60(b) relief. See Fed. R. App. P. 4(a)(4)(A)(iv). Moreover, because "a notice of appeal filed by a pro se litigant must be viewed liberally, . . . as long as [it] evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction." Bacon v. Phelps, 961 F.3d 533, 541 (2d Cir. 2020) (quotation marks omitted).

Co. v. State St. Bank Int'l, 821 F.2d 897, 906 (2d Cir. 1987).[3]  Finally, even if we construe Welch's request as seeking enforcement of the settlement agreement, we conclude that Bio-Reference fulfilled its obligations under the terms of the agreement.

We have considered Welch's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.  In addition, because Welch's reply brief contains information that should not have been filed unredacted on the public docket, see Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2(a), the Clerk of Court is directed to **SEAL** ECF No. 60 from public view.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We agree with the District Court that, if too much was withheld, Welch's remedy was to seek a tax refund, assuming the filing of her 2020 tax return did not solve the issue. While the tax return might appear to render Welch's appeal moot, we decline to dismiss on that ground because Welch may seek damages resulting from the lost time-value of money.  See Appellant's Br. 12.