**FRUIT OF THE LOOM, INC.,**
Plaintiff–Appellee,

v.

**AMERICAN MARKETING
ENTERPRISES, INC.,**
Defendant–Appellant.

No. 99–7477.

United States Court of Appeals,
Second Circuit.

Argued Aug. 10, 1999.

Decided Sept. 10, 1999.

Anthony F. Lo Cicero, Amster, Rothstein & Ebenstein, New York, NY, for Defendant–Appellant.

H. Nicholas Goodman, James M. Andriola, Quirk & Bakalor, New York, NY, for Plaintiff–Appellee.

Before: CALABRESI, CABRANES and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Plaintiff-appellee Fruit of the Loom, Inc. ("Fruit of the Loom") moves to dismiss as untimely an appeal filed by defendant-appellant American Marketing Enterprises, Inc. ("AME") from a final judgment of the United States District Court for the Southern District of New York (Baer, J.), enjoining AME from infringing Fruit of the Loom's Underoos trademark. Relying on the district court's individual rules of practice, which require all motions to be fully briefed prior to filing, AME served a motion for judgment as a matter of law on Fruit of the Loom within the 10 days required by Rule 50(b) of the Federal Rules of Civil Procedure, but did not actually file the motion until it was completely briefed nearly 6 weeks later. We conclude that AME's Rule 50(b) motion was not timely filed and did not therefore toll the time for filing a notice of appeal.

AME's reliance on the district judge's motion practice rule, absent an affirmative misrepresentation by the district court regarding the filing date, did not constitute circumstances sufficiently unique to warrant an exception to the mandatory filing deadline imposed by Rule 50(b). We write to remind the bar that the individual practice rules of a district judge must be read in conjunction with the Federal Rules of Civil Procedure and that the Federal Rules and their jurisdictional filing dates supersede any seemingly contrary district court practice rule. Accordingly, a judge's rule providing that motions be filed only after they are fully briefed therefore does not alter or suspend the specific filing deadline of Rule 50(b) or any other jurisdictional motion.

## BACKGROUND

In May 1997, Fruit of the Loom commenced an action for trademark infringement against AME. The jury found in favor of Fruit of the Loom, and the district court entered judgment on July 6, 1998. At the end of the trial, Judge Baer directed the parties that "if there are any motions of any sort, they are to be made in conformity with the Federal Rules."

On July 17, 1998, within 10 business days of the entry of judgment, AME served a motion for judgment as a matter of law pursuant to Rule 50(b) on Fruit of the Loom. The parties subsequently established a briefing schedule for the motion. On August 26, 1998, AME submitted a courtesy copy of the fully briefed Rule 50(b) motion to the district court.[1] By order entered March 29, 1999, the district court denied AME's Rule 50(b) motion as untimely. On April 26, 1999, within 30 days of that order, AME filed a notice of appeal from the district court's July 6, 1998 judgment. AME did not file a notice of appeal from the district court's March 29, 1999 order denying its Rule 50(b) motion as untimely, but rather, moved the district court on April 30, 1999, to reconsider its order on the basis that AME had filed its motion in accordance with the judge's individual practice rules.

On July 21, 1999, the district court granted AME's motion for reconsideration but adhered to its prior ruling that the Rule 50(b) motion was untimely. The court found that any conflict between the judge's individual rules and the Federal Rules of Civil Procedure would be relevant only if AME had sought permission to file a Rule 50(b) motion and had been denied permission based on the judge's practice rule.

---

1. Although AME claims that it filed a copy of the motion with the Clerk's Office, the docket sheet does not reflect any such filing.

Fruit of the Loom has moved to dismiss, as untimely, AME's appeal from the July 6, 1998 judgment. AME claims that its service of the Rule 50(b) motion in accordance with the judge's practice rule should be deemed a timely filing, or alternatively, that its adherence to the judge's individual practice rules should be considered a "unique circumstance" justifying its late filing.

## DISCUSSION

■ Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure ("Appellate Rule 4(a)(1)(A)") requires parties who wish to appeal a civil judgment or order to file a notice of appeal within 30 days of the entry of the judgment or order. This 30–day time limit for filing a notice of appeal is "'mandatory and jurisdictional.'" *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)); *see also Houston v. Greiner,* 174 F.3d 287, 288 (2d Cir.1999) (noting that time limits for filing a notice of appeal are jurisdictional). If, however, a party "timely files" certain enumerated post-judgment motions, including a renewed motion for judgment as a matter of law pursuant to Rule 50(b), this 30–day period runs instead from the date of entry of the order disposing of the last such post-judgment motion. *See* Fed. R.App. P. 4(a)(4)(A)(i). Rule 50(b) in turn requires that motions for judgment as a matter of law must be made "by filing a motion no later than 10 days after entry of judgment." Fed.R.Civ.P. 50(b).

■ AME acknowledges that it did not file a notice of appeal within 30 days of the entry of judgment on July 6, 1998. Moreover, although AME served Fruit of the Loom with a Rule 50(b) motion within 10 business days of the entry of judgment, it admittedly did not *file* the motion during that period as required under both Rule 50(b) and Appellate Rule 4(a)(4). The district court first became aware of the motion when it received a courtesy copy of the motion on August 26, 1998, close to 6 weeks after the entry of judgment.

AME contends, however, that its Rule 50(b) motion was nevertheless timely filed because it was submitted in conformity with the "Individual Practices of Judge Harold Baer, Jr." Paragraph 2(D) of Judge Baer's individual rules provides that:

> No motion papers shall be filed until the motion has been fully briefed. Each party shall file its motion papers on the date the last reply memorandum is due. The moving party is further obligated to furnish to chambers a *full* set of courtesy copies of the motion papers.[2]

AME argues that it should be permitted to pursue its appeal because its reliance on the district judge's rules rendered its Rule 50(b) motion timely, thereby tolling the time for filing its notice of appeal under Appellate Rule 4(a).

■ District court judges are bound by the Federal Rules of Civil Procedure and may not apply their individual practice rules in a manner that is inconsistent with the Federal Rules. *See* Fed.R.Civ.P. 83(b) (stating that a judge "may regulate practice in any manner consistent with federal law"); *see also Huey v. United Parcel Serv., Inc.,* 165 F.3d 1084, 1085 (7th Cir. 1999) ("District courts may elaborate on the requirements of the national rules, adding operational details, without being 'inconsistent' with the national rules."). Rule 50(b) unambiguously requires that a renewed motion for a judgment as a mat-

---

**2.** Part of the confusion in this case appears to have been caused by the fact that Judge Baer's prior individual rules specifically exempted Rule 50(b) motions from the "fully-briefed" filing requirement. *See* Individual Practices of Judge Harold Baer, Jr. (1996 version), LoCicero Aff., Exh. B. We note that

that exemption was dropped when Judge Baer, along with many other judges in the Eastern and Southern Districts, adopted a new standardized set of rules which had been approved by the Board of Judges. Deborah Pines, *Federal Judges Adopt New Individual Rules,* N.Y.L.J., July 20, 1998, at 1.

ter of law be filed no later than 10 days after entry of judgment. In addition, Rule 6(b) prohibits district courts from extending the time for taking any action under Rule 50(b), among other rules.[3] This Court has held that Rule 6(b) "makes [Rule 50(b)'s] ten-day time limitation[ ] jurisdictional so that the failure to make a timely motion divests the district court of power to modify the trial verdict." *Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 (2d Cir.1993); *see also Lapiczak v. Zaist*, 451 F.2d 79, 80 (2d Cir.1971). Accordingly, Judge Baer lacked the authority to permit AME to file its Rule 50(b) motion outside of the 10–day window for filing post-judgment motions. *See id.*

AME nonetheless argues that it is entitled to tolling under the "unique circumstances" doctrine enunciated by the Supreme Court in *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam). We disagree. In *Thompson*, the petitioner filed a post-judgment motion which, if timely filed, would have tolled the time for taking an appeal. Although the motion was filed late, the district court assured the petitioner that it had been filed in "ample time," *Id.* at 386, 84 S.Ct. 397, and the petitioner accordingly did not file a timely notice of appeal. The Supreme Court ruled that in light of these "unique circumstances," in which the district court assured the petitioner that his motion was filed in sufficient time to preserve his right to appeal, his failure to file a timely notice of appeal should be excused. *Id.* at 387, 84 S.Ct. 397.

We have held that the "unique circumstances" doctrine applies " 'only where a party has performed an act which, if properly done,' would postpone the deadline for filing his appeal and has received specific

assurance by a judicial officer that this act has been properly done." *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 57 (2d Cir.1997) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)); *see also Watson v. Mann (In re Weston)*, 18 F.3d 860, 863 (10th Cir.1994) (holding that "[t]he doctrine of unique circumstances applies where an affirmative action by the court has misled" the parties); *Estle v. Country Mut. Ins. Co.*, 970 F.2d 476, 478 (8th Cir.1992) (applying "unique circumstances" exception where plaintiff was "lulled into inactivity" by district court's erroneous representations that a timely notice of appeal could be filed after its ruling on a reconsideration motion); *Green v. Bisby*, 869 F.2d 1070, 1072 (7th Cir.1989) (holding that magistrate judge's entry of a minute order granting appellant's request for an extension of time on a Rule 59(e) motion was not an act of affirmative representation by a judicial officer sufficient to invoke the unique circumstances doctrine).[4]

To be sure, a strict construction of the "unique circumstances" doctrine occasionally produces harsh results. *See Pinion v. Dow Chem. U.S.A.*, 928 F.2d 1522, 1534 (11th Cir.1991) (acknowledging the possibility of a harsh result where an erroneous extension was granted, but noting that "the Supreme Court itself has indicated that it is increasingly willing to tolerate 'harsh' results for failure to comply with jurisdictional prerequisites"). The circumstances of this case simply do not fall, however, within the "unique circumstances" exception, which only applies where a party performs an act which would otherwise postpone the deadline for filing his appeal *and* the district judge gives "specific assurances" concerning the

---

**3.** Rule 6(b) bars a district court from "extend[ing] the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them."

**4.** Apart from the "unique circumstances" exception, this Court has also excused a lack of

formal compliance with the procedure for petitioning for review where the petitioner was proceeding *pro se* and was misinformed about the filing deadline by court personnel. *See Clark v. CFTC*, 126 F.3d 424, 426 (2d Cir. 1997).

timeliness of a post-judgment motion. *Endicott Johnson Corp.*, 116 F.3d at 57 (emphasis supplied).

The district court's individual practice rule does not constitute a "specific assurance" by the court that AME could postpone filing its 50(b) motion until after it was fully briefed. While AME may well have been "lulled into inactivity" by the district court's individual practice rules, the critical fact for purposes of the tolling inquiry is that Judge Baer never specifically assured AME that its Rule 50(b) motion would be timely if served on the prevailing party within 10 days of the entry of judgment but filed with the court at a later time. In fact, at the end of the trial, Judge Baer specifically advised the parties that any post-judgment motions had to conform to the requirements of the Federal Rules of Civil Procedure. *See* Trial Transcript, LoCicero Ex. 2 ("[I]f there are any motions of any sort, they are to be made in conformity with the Federal Rules....").  In coming to our conclusion, we agree with the district court's reasoning that an affirmative misrepresentation, excusing the untimeliness, would have occurred in the circumstances before us only if the district court had somehow conveyed to AME that it need not comply with the Federal Rules in filing further motions.

The district court, however, never affirmatively misled the parties about the filing deadlines for post-trial motions. AME could have preserved its right to appeal simply by filing its motion within the 10–day period prescribed by Rule 50(b) and explaining to the judge its need to do so, or by filing a notice of appeal of the judgment in order to preserve its appellate rights.[5] Because AME did not take any reasonable measures to preserve its rights, no unique circumstance exists to justify application of an exception to the filing requirements of Rule 50(b) and Appellate Rule 4(a). *See Endicott*, 116 F.3d at 57

(holding that where "it is not the court that has misled the party who would appeal, and that party has simply erroneously interpreted the rules with regard to the time for appeal, the circumstances do not warrant an extension beyond the time limits provided by the Rules"); *Pinion*, 928 F.2d at 1534 (holding that defendant did not reasonably rely on the district court's consent orders where "[s]imply scanning [Rule 6(b)] would have provided notice that there was an inconsistency between the Rule's text and the court's consent order").

■ AME suggests that once it served its Rule 50(b) motion on its adverse party, Judge Baer's practice rule operated so as to reserve decision until the motion was fully briefed and the court "ha[d] received all of the information necessary to make a determination." Under these circumstances, AME contends, Rule 50(b)'s mandatory filing deadline should be extended to the date the district court reserved to make its decision. Both of the cases AME cites in support of its argument are, however, inapposite. In *United States East Telecommunications, Inc. v. United States West Information Systems, Inc.*, 15 F.3d 261, 262–63 (2d Cir.1994) and *Morgan Distributing Co. v. Unidynamic Corp.*, 868 F.2d 992, 996 (8th Cir.1989), the defendants timely filed post-judgment motion papers. In this case, by contrast, AME did not file its motion papers within the required time period. The district court thus had no occasion to reserve decision.

## CONCLUSION

For the reasons set forth above, we dismiss this appeal for lack of appellate jurisdiction.

---

5. Had the defendant filed a notice of appeal of the judgment while its Rule 50(b) motion was pending, the district court would still have had the power to entertain and deny the motion. Alternatively, it could have granted

the motion, provided that the defendant first obtained a remand from the Court of Appeals. *Cf. Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992) (per curiam).