Dennis COOK, Plaintiff–Appellant,

v.

CBS, INC., Defendant–Appellee.

Docket No. 01–9042.

United States Court of Appeals, Second Circuit.

Sept. 19, 2002.

Perry S. Friedman, New York, NY, for Appellant.

Bettina B. Plevan; Devora L. Lindeman, Susanna M. Lowy, Naomi B. Waltman, of counsel, Proskaur Rose LLP, New York, NY, for Appellee.

Present FEINBERG, CABRANES and MAGILL * Circuit Judges.

### SUMMARY ORDER

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff Dennis Cook ("Cook") appeals from a judgment entered on August 13, 2001, granting summary judgment to defendant CBS on Cook's claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981 and the parallel provisions of Article 15 of the New York State Human Rights Law. On appeal, Cook only argues that the District Court erred in

---

* The Honorable Frank J. Magill of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

granting summary judgment to CBS on his retaliation claim. Because the facts are substantially set forth in the District Court's opinion, *Cook v. CBS, Inc.*, 99 civ. 2897(TPG), 2001 WL 897181, (S.D.N.Y. Aug. 9, 2001), familiarity with them is presumed.

To establish a *prima facie* case of retaliation under § 1981, a plaintiff must show that (1) he was engaged in a protected activity, (2) the employer was aware of his participation in the protected activity, (3) the employer took an adverse action against him, and (4) a causal connection existed between the protected activity and the adverse action. *See, e.g., Gordon v. New York City Bd. Of Educ.*, 232 F.3d 111, 116 (2d Cir.2000) (setting forth the elements necessary to make a *prima facie* showing of retaliation under Title VII); *see also Taitt v. Chemical Bank*, 849 F.2d 775, 777 (2d Cir.1988) ("The elements required to make out a claim of retaliatory discharge under 42 U.S.C. § 1981 are the same as those required to make out such a claim under Title VII").

■ The District Court found that Cook failed to make out a *prima facie* case of retaliation because he did not present evidence sufficient to demonstrate a causal connection between his filing of Title VII claims against CBS on July 8, 1994 and the actions complained of in this lawsuit, which began in 1998. "Proof of causal connection can be established *indirectly* by showing that the protected activity was followed closely by discriminatory treatment or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or *directly* through evidence of retaliatory animus directed against a plaintiff by the defen-

dant." *DeCintio v. Westchester Cty. Med. Ctr.*, 821 F.2d 111, 115 (2d Cir.1987) (internal citations omitted). We agree with the District Court. Because the first lawsuit was filed four years before the allegedly adverse actions, the two are not sufficiently close in time to lead to an inference of discrimination.[1] *See, e.g., Morris v. Lindau*, 196 F.3d 102, 113 (2d Cir.1999) (holding that "since two years had elapsed" between the protected activity and the adverse action, "no inference of causation is justified"). Further, Cook has not presented evidence sufficient to show that he was treated differently from other employees who engaged in similar conduct, and he has presented no direct evidence of retaliatory animus.

On appeal, Cook argues that (1) in addition to his 1994 lawsuit, his June 2, 1998 letter to his supervisor at CBS and his attorney's December 31, 1998 letter to a vice president of CBS also constitute protected activities, and (2) these letters indirectly establish the requisite causal connection because they were sent sufficiently close in time to the allegedly adverse actions.

■ We disagree. In sending the June 2, 1998 letter to his supervisor, Cook did not engage in a protected activity because the letter simply requested additional training and reassignment without ever mentioning, or even alluding to, Cook's belief that CBS's failure to comply with his requests would constitute unlawful discrimination. Because this letter neither "pointed out discrimination against particular individuals nor discriminatory practices by [CBS]," *Manoharan v. Columbia Univ. Coll. Of Physicians & Surgeons*, 842 F.2d 590, 594 (2d Cir.1988), its mailing

---

1. Although the prior litigation was not finally resolved until December 31, 1997, when we affirmed the District Court's grant of summary judgment to CBS, *Cook v. CBS, Inc.*, 133 F.3d 906 (2d Cir.1997) (unpublished summary order), the protected activity occurred when Cook filed the litigation, not when it was ultimately resolved.

does not constitute protected activity for the purpose of making a *prima facie* showing of retaliation.

With respect to the December 31, 1998 letter, even if sending this letter to CBS amounts to protected activity, the letter could not possibly have caused the allegedly adverse actions complained of, all of which occurred before it was written.

Accordingly, we affirm the judgment of the District Court.