08-4575-cv
Morris v. Ales Group USA, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand ten.

PRESENT:
        JOHN M. WALKER, Jr.,
        CHESTER J. STRAUB,
        ROSEMARY S. POOLER,
            *Circuit Judges*.

_____

Deanna Morris,

    *Plaintiff-Appellant*,

    v.                                08-4575-cv

Ales Group USA, Inc., Eric Domel,

    *Defendants-Appellees*.

_____

FOR APPELLANT:      Deanna Morris, *pro se*, New York, N.Y.

FOR APPELLEES:      Glen H. Parker, Hoey, King, Toker & Epstein, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Crotty, *Judge*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the appeal is **DISMISSED**.

Plaintiff Deanna Morris, *pro se*, appeals a post-judgment order denying her motion for reconsideration of the decision below granting summary judgment for defendants. The present appeal represents plaintiff's second attempt to appeal the judgment dismissing her complaint. Previously, a panel of this Court dismissed plaintiff's first appeal as untimely. *Morris v. Ales Group USA, Inc.*, No. 07-3849-cv (2d Cir. Feb 28, 2008). (Judgment was entered below on July 3, 2007, but plaintiff did not file a notice of appeal until August 13, 2007. *See* Fed. R. App. P. 4(a)(1).) After her first appeal was dismissed, plaintiff moved for reconsideration in the district court, was denied, and moved for reconsideration of the denial. Plaintiff now seeks to appeal the denial of her first post-appeal motion for reconsideration.[1] We assume the parties' familiarity with the case.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In a civil case, an appellant must generally file a notice of appeal within 30 days of the entry of the order being appealed. Fed. R. App. P. 4(a)(1). Here, the order plaintiff seeks to appeal – the district court's denial of plaintiff's first motion for reconsideration – was entered on July 22, 2008. Plaintiff's notice of appeal was filed on August 22, 2008, one day late. *See* Fed. R. App. P. 4(a)(1)(A). Further, plaintiff's second Rule 60 motion was not timely filed for purposes of tolling the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A). The mere service of plaintiff's second motion was insufficient for tolling purposes. *See Camacho v. City of Yonkers*, 236 F.3d 112, 115 (2d Cir. 2000); *Fruit of the Loom, Inc. v. American Mktg. Enters., Inc.*, 192 F.3d 73, 75 (2d Cir. 1999).

During oral argument, plaintiff denied that her initial appeal was untimely, claiming that the filing dates contained on the district court's docket sheet are inaccurate due to the district court's mishandling of her submissions. On our invitation, plaintiff subsequently submitted over 500 pages of records ostensibly showing that the filing dates on the docket sheet were erroneous. We have carefully reviewed plaintiff's submissions, and find nothing to substantiate her allegations.

Although a district court may, in certain circumstances, extend the time for filing a notice of appeal, a court of appeals may not. *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 26(b)(1). Accordingly, because the district court has denied plaintiff's motion for an extension of time to appeal, this appeal must be, and therefore is, **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Plaintiff's second motion for reconsideration is not within the ambit of this appeal, since the notice of appeal indicates that the second motion was still pending at the time of the appeal, thus negating any inference that plaintiff intended to appeal that order.