10-541-cv
Cyrus v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 5th day of December, two thousand eleven.

Present:    ROBERT D. SACK,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                        *Circuit Judges*.
_____

EARL CYRUS, JR., as administrator of the Estate of Erskine Cyrus, Jr.,

            *Plaintiff-Appellant*,

            - v -                          No. 10-541-cv

CITY OF NEW YORK, CITY OF NEW YORK POLICE DEPARTMENT, SCOLLO, City of New York Police Officer, CITY OF NEW YORK POLICE OFFICERS JOHN DOE and JANE DOE, individually and in their capacities as New York City Police Officers,[*]

            *Defendants-Appellees*.

_____

For Plaintiff-Appellee:        VALERIE A. HAWKINS, ESQ., Hempstead, N.Y.

For Defendants-Appellants:     VICTORIA SCALZO (Barry K. Myrvold, Stephen J. McGrath, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

_____

[*] Defendant-Appellant Scollo is improperly named "Scoko" in the caption of this action. The Clerk of the Court is directed to amend the caption as listed above.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant appeals from a January 14, 2010 order of the United States District Court for the Eastern District of New York (Ross, *J.*) denying plaintiff's motion for reconsideration of a February 9, 2009 order granting summary judgment to defendants on plaintiff's § 1983 claims for malicious prosecution. We assume the parties' familiarity with the facts and procedural history of the case.

Plaintiff[1] purports to appeal from both the underlying summary judgment decision and the denial of the motion for reconsideration. However, plaintiff did not file a timely notice of appeal from the judgment that was entered on February 10, 2009 following the district court's summary judgment ruling. *See* Fed. R. App. P. 4(a)(1)(A). Cyrus's counsel conceded at oral argument that on March 2, 2009, Cyrus only sought an *extension* of time to file a motion for reconsideration pursuant to a local rule, which the district court granted. Although the timely filing of a motion under Federal Rule of Civil Procedure 59 will toll the time to file an appeal until the entry of the order disposing of the Rule 59 motion, *id.* 4(a)(4)(A)(iv), an untimely motion will not toll the filing period even where, as here, the district court elects to treat such a motion as filed pursuant to Rule 60(b). *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration is treated as a Rule 60(b) motion [for relief from a

---

[1] While the motion for summary judgment was pending before the district court, plaintiff Erskine Cyrus, Jr. died intestate, and Earl Cyrus, Jr. was subsequently substituted as plaintiff as the administrator of Erskine Cyrus's estate. For convenience, we refer to "plaintiff" throughout without distinguishing between Erskine Cyrus and Earl Cyrus.

2

judgment or order]. It is well settled that '[a]n appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal.'" (second alteration in original) (citation omitted) (quoting *Branum v. Clark*, 927 F.3d 698, 704 (2d Cir. 1991))); *see also Fruit of the Loom, Inc. v. Am. Mktg. Enter., Inc.* 192 F.3d 73, 75-77 (2d cir. 1999) (recognizing that a district court's local practice does not alter the strict twenty-eight day time frame, Fed. R. App. P. 4(a)(4)(A), to move for reconsideration in order to toll the time for filing a notice of appeal). Accordingly, plaintiff's notice of appeal, which was filed on February 11, 2010, brings before us only the denial of the motion for reconsideration, which we review for abuse of discretion, *id.* "When deciding the motion for reconsideration, the District Court was deciding whether the movant had pointed to 'controlling decisions or data that the court overlooked' — matters 'that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

In challenging the denial of his motion for reconsideration, plaintiff fails to point to any case law or other relevant information that the district court overlooked. As he argued before the district court, plaintiff contends that material factual disputes exist as to whether Officer Scollo lacked probable cause to prosecute him[2] for criminal possession of a weapon in the fourth degree

---

[2] "To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice." *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84 (2001). "A criminal defendant has not obtained a favorable termination of a criminal proceeding where the outcome is inconsistent with the innocence of the accused . . . the absence of a conviction is not itself a favorable termination." *Id.* And, the probable cause element has been explained as requiring that the plaintiff to demonstrate a "lack of probable cause for commencing the proceeding." *E.g. Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

3

because the pistol was discovered during a search incident to an arrest that purportedly violated plaintiff's Fourth Amendment rights. The district court held on both the initial motion for summary judgment and on the motion for reconsideration that the discovery of the weapon on plaintiff's person gave rise to probable cause to prosecute the weapons charge. Even assuming that plaintiff's arrest was unlawful, the district court concluded that the exclusionary rule does not apply to § 1983 claims and therefore the gun would be admissible to determine probable cause in the civil action. *See, e.g.*, *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) ("No Fourth Amendment value would be served if [plaintiff], who illegally possessed firearms and narcotics, reaps the financial benefit he seeks. [Plaintiff] has already reaped an enormous benefit by reason of the illegal seizure and search to which he was subjected: his freedom, achieved by the suppression of evidence obtained in violation of the Fourth Amendment." (footnote omitted)); *cf. Jenkins v. City of New York*, 478 F.3d 76, 91 n.16 (2d Cir. 2007) ("The district court correctly concluded that [the state court's] finding that the lineup identifications were 'fruit of the poisonous tree' is of no effect in this civil [§ 1983] proceeding."); *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003) ("*Miranda* violations, absent coercion, do not rise to the level of constitutional violations actionable under § 1983. The appropriate remedy for violations of *Miranda* rights is exclusion of the evidence at trial." (citation omitted)). Plaintiff's arguments to the contrary amount to a disagreement with the district court's conclusions with respect to the case law that was already before it, and accordingly, the district court did not abuse its discretion in denying reconsideration.

We have considered plaintiff's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK