11-5323 (L)
Dotson v. City of Syracuse

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                 *Circuit Judges.*
_____

SONIA DOTSON,

                 *Plaintiff-Appellant-Cross-Appellee*,

           -v-                                    11-5323-cv, 12-4443-cv

CITY OF SYRACUSE, TIMOTHY GAY, MARK MCARDLE,

                 *Defendants-Appellees-Cross-Appellants*,

CITY OF SYRACUSE POLICE DEPARTMENT, PATRICK HARRINGTON, MICHAEL RATHBUN, DENNIS DUVAL,

                 *Defendants-Appellees*.[*]
_____

Appearing for Appellant:     A.J. Bosman, Bosman Law Firm LLC, Rome, N.Y.

Appearing for Appellee:      Shannon T. O'Connor and Ann M. Alexander (Mary Anne Doherty, Ann Magnarelli Alexander, *on the brief*), City of Syracuse, Office of the Corporation Counsel, Syracuse, N.Y.

_____

[*]The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**, and the cross-appeal is **DISMISSED**.

Plaintiff-Appellant-Cross-Appellee Sonia Dotson appeals from several orders and rulings of the District Court for the Northern District of New York (Mordue, *J.*), culminating in judgment in this action entered and dated November 16, 2011. Defendants-Appellees-Cross-Appellants City of Syracuse, Timothy Gay, and Mark McArdle (collectively, "Syracuse" or the "City") cross-appeal from the same judgment, and from the order entered in this action on September 28, 2012. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, we have no jurisdiction to consider Syracuse's cross-appeal, as it was untimely. Federal Rule of Appellate Procedure 4(a)(1)(A) "requires parties who wish to appeal a civil judgment or order to file a notice of appeal within 30 days of the entry of the judgment or order." *Fruit of the Loom v. Am. Mktg. Enters.*, 192 F.3d 73, 75 (2d Cir. 1999). This time limit is "mandatory and jurisdictional." *Id.* (internal quotation marks omitted). This requirement may be tolled "if a party 'timely files' certain enumerated post-judgment motions, including a renewed motion for judgment as a matter of law pursuant to [Federal Rule of Civil Procedure] 50(b)." *Id.* (quoting Fed. R. App. P. 4(a)(4)(A)). This is also true for motions filed pursuant to Federal Rule of Civil Procedure 59, which provides for modification of a judgment or a new trial. In such a case, "this 30-day period runs instead from the date of entry of the order disposing of the last such post-judgment motion." *Id.*; *see also* Fed. R. App. P. 4(a)(4)(A). Rules 50(b) and 59 require that such motions be submitted "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b), 59(b). These time limits may not be enlarged by the district court. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

There is no dispute in this case that Syracuse's motions under Rules 50 and 59 were not "timely filed." The amended judgment in favor of Dotson was entered by the district court on November 16, 2011. Syracuse brought its motions under Rule 50 and 59 on December 16, 2011. This is 30 days after the clock began to run, and thus outside the amount of time prescribed by the federal rules, and outside of any time that the district court in its discretion might have been able to provide. As such, these motions were not "timely filed," and could not toll the thirty day requirement for filing a notice of appeal required by Federal Rule of Appellate Procedure 4(a)(1)(A), and Syracuse's appeal is dismissed.

For her part, Dotson appeals the decisions of the district court granting summary judgment to Syracuse on her Title VII claims premised on theories of discrimination, hostile work environment, and numerous theories of retaliation. We review a district court's grant of summary judgment *de novo*. *McElwee v. Cnty. of Orange*, 700 F.3d 635, 649 (2d Cir. 2012). With respect to both Dotson's discrimination claims and her claims based on retaliation, our analysis is governed by the familiar burden-shifting framework in *McDonnell Douglas Corp. v.*

2

*Green*, 411 U.S. 792 (1973). *See Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006) (discrimination); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (retaliation). Even assuming Dotson could make out a *prima facie* case of discrimination in this case, we affirm the district court's conclusion that the City had proffered evidence of non-discriminatory and non-retaliatory justifications for the treatment Dotson complained of, and that Dotson did not offer evidence sufficient to create a triable issue of material fact as to whether, in the case of the discrimination claims, these justifications were pre-textual, *see Demoret*, 451 F.3d at 151, or, in the case of retaliation claims, the "unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). With respect to her hostile work environment claims, we affirm the district court's determination that Dotson's claims, while significant, did not raise a triable issue of fact as to whether conduct she complained of was sufficiently "severe or pervasive" to qualify for relief. *Cf. Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 178-82 (2d Cir. 2012) (denying summary judgment based on allegations of constant harassment).

Finally, Dotson appeals the district court's order granting remittitur of the jury's $450,000 award following the first trial, which we review only for abuse of discretion. *See Zeno v. Pine Plans Cent. Sch. Dist.*, 702 F.3d 655, 671 (2d Cir. 2012). In granting remittitur, the district court properly considered the evidence at trial, as well as verdicts awarded in comparable cases, both with respect to the injuries suffered and the severity of the adverse action. *See id.* We identify no abuse of discretion in this analysis or the conclusion reached. *See Gasperini v. Ctr. for Humanities, Inc.*, 149 F.3d 137, 141 (2d Cir. 1998) ("Deference is justified because the district judge is closer to the evidence, and is therefore in a better position to determine whether a particular award is excessive given the facts of the case.").

We have considered the remainder of Dotson's arguments and consider them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3