15-3631-cv
*Dotson v. City of Syracuse, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand seventeen.

Present:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

SONIA DOTSON,

      *Plaintiff-Appellant*,

      v.                                                      15-3631

CITY OF SYRACUSE, GARY MIGUEL, in his individual capacity as former Chief of Police of the City of Syracuse, MICHAEL HEENAN, in his individual capacity as former First Deputy Chief of Police of the City of Syracuse, DAVID BARRETTE, in his individual and official capacity as First Deputy Chief of Police of the City of Syracuse, JUDY CULETON, in her individual and official capacity as the Commanding Officer of the Human Resources Division of the City of Syracuse Police Department, JOSEPH SWEENY, in his individual and official capacity as a Captain with the City of Syracuse Police Department, NICHOLAS KLEIST, JR., in his

individual and official capacity as a Lieutenant with the City of Syracuse Police Department, John Doe(s), and/or Jane Doe(s) in their individual and official capacities, RICHARD TRUDELL, in his individual and official capacity as a Captain with the City of Syracuse Police Department,

*Defendants-Appellees*.

For Plaintiff-Appellant: A.J. BOSMAN, Bosman Law Firm, L.L.C., Canastota, New York.

For Defendants-Appellees: JOHN A. SICKINGER, Assistant Corporation Counsel, City of Syracuse, Syracuse, New York.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Sonia Dotson appeals from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*), entered on September 29, 2015, granting summary judgment to the Defendants-Appellees on Dotson's claims of retaliation and discrimination under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2, *inter alia*. Dotson also appeals from the district court's order dismissing her claim for municipal liability, and her claim of retaliation related to a five-day suspension in 2012 under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal, some of which we discuss briefly below.

## I.      Background

This case stems from Sonia Dotson's employment as a Community Service Officer ("CSO") in the City of Syracuse Police Department ("SPD"), where she worked from 2000 until she was terminated in February 2015.   This is the second action Dotson has filed related to her employment with the SPD.   In 2003, Dotson complained that her supervisor and a male coworker were viewing pornography in the workplace.   In 2004, she filed suit against the SPD and SPD officials in the Northern District of New York alleging discrimination and retaliation. *See Dotson v. City of Syracuse*, No. 5:04-CV-1388, 2009 WL 2176127 (N.D.N.Y. July 21, 2009), *aff'd*, 549 F. App'x 6 (2d Cir. 2013) (summary order) [hereinafter "Dotson I"].   In that suit, Dotson, who is Hispanic, alleged that the City of Syracuse and the individual defendants discriminated against her based on her gender and national origin and retaliated against her for complaining about pornography in the workplace by assigning her road duty, eavesdropping on her telephone conversations, instigating a criminal prosecution of her after an incident at a J.C. Penney in October 2006, and treating her more harshly than her white male colleagues for minor infractions in violation of Title VII, the Equal Protection Clause of the Fourteenth Amendment, and New York State Human Rights Law ("NYSHRL").   The *Dotson I* court dismissed her discrimination claims but allowed her retaliation claim to proceed to a jury.   In February 2010, a jury found that the SPD and its officials retaliated against Dotson for complaining about pornography in the workplace.   In November 2011, a jury awarded Dotson $225,000 in damages.   *Dotson v. City of Syracuse*, No. 5:04-CV-1388, 2012 WL 4491095 (N.D.N.Y. Sep. 28, 2012), *aff'd*, 549 F. App'x 6 (2d Cir. 2013) (summary order).

In this suit, Dotson alleged liability in connection with three events that occurred after she filed *Dotson I*: her 2008 suspension for insubordination, an appeal by the Onondaga County

3

District Attorney in 2009 of the dismissal of criminal charges against Dotson, and her 2012 suspension for insubordination. Dotson claimed that the SPD and SPD officials again discriminated against her in connection with the 2008 and 2012 suspensions and that all of these incidents constituted retaliation against her for complaining about pornography in the workplace and for her friendship with another officer who filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). These actions, according to Dotson, violated Title VII, the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1983, the NYSHRL, and the New York State Constitution. She also claimed that the City of Syracuse should be liable for the violation of her Fourteenth Amendment rights under *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). The district court dismissed (a) Dotson's claim for *Monell* liability based on *res judicata* and (b) her retaliation claim as to her 2012 suspension because she failed to state a claim under Rule 12(b)(6). The court then granted summary judgment to the Defendants-Appellees on Dotson's remaining claims.

## II. Discussion

### A. Standards of Review

This Court reviews de novo a district court's grant of a motion to dismiss. *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans, Inc.*, 810 F.3d 861, 865 (2d Cir. 2015). In doing so, this Court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Starr Int'l Co. v. Fed. Reserve Bank of N.Y.*, 742 F.3d 37, 40 (2d Cir. 2014). "We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).

4

**B. Discrimination Claims**

Courts analyze claims of disparate treatment under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The plaintiff must first establish a *prima facie* case by demonstrating that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination. *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006). If the plaintiff demonstrates a *prima facie* case, the burden shifts to the defendant employer to provide a legitimate, non-discriminatory reason for the action. *Id.* If the defendant makes such a showing, the burden shifts back to the plaintiff to show that the employer's proffered reason is pretextual. *Id.* When evaluating pretext, a court must consider the plaintiff's evidence as a whole, *see Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 76 (2d Cir. 2016), including evidence of discriminatory or disparaging language, *see Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998).

Dotson claimed that she was disciplined for insubordination in 2008 and again in 2012 because of her gender. The district court determined that Dotson's employer had articulated a legitimate, non-retaliatory reason for disciplining her in both 2008 and 2012, and that Dotson failed to put forth sufficient evidence that the reason was pretextual to survive summary judgment. We agree that Dotson presented insufficient evidence for a reasonable jury to conclude that *her 2012 suspension* was due to gender discrimination. As to her discipline in 2008, however, the district court failed to consider Dotson's evidence as a whole when evaluating pretext, thus necessitating vacatur and remand for further consideration. *See Walsh*, 828 F.3d at 76; *Danzer*, 151 F.3d at 56. Specifically, Dotson presented evidence that two individuals who were involved in the decision to discipline her in 2008—Captain Sweeny and

Sergeant Kleist—used derogatory words to refer to women in the workplace and made discriminatory remarks aimed at women employees. Most significantly, there is evidence that Sweeny stated that "broads can't work together" because "[t]hey'll just be calling for back up all the time," J.A. at 3138, and that Kleist said that "he could not take hiring another woman" because "he [wa]s tired of dealing with their problems," *id.* at 3134-35. The district court did not reference this record evidence or analyze it in evaluating whether Dotson came forward with sufficient evidence of pretext so that a reasonable jury might conclude, based on the record as a whole, that she suffered discrimination in connection with the 2008 suspension. For this reason, we vacate and remand Dotson's discrimination claim as to her 2008 discipline for the district court to conduct this analysis.

### C. Retaliation Claim for 2012 Discipline

To make out a *prima facie* case for Title VII retaliation, a plaintiff must show "'1) participation in a protected activity;'" 2) the defendant's knowledge of the protected activity; "'3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action.'" *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (quoting *McMenemy v. City of Rochester,* 241 F.3d 279, 282-83 (2d Cir. 2001)). Once the plaintiff makes that showing, the burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for its actions. *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 92 (2d Cir. 2011). If it does so, the burden then shifts back to the plaintiff to demonstrate that the employer's reason was pretextual. *Id.*

Dotson claimed that she was suspended in 2012 for complaining about pornography in the workplace in 2003. The district court granted the Defendants-Appellees' motion to dismiss this claim because Dotson "failed to allege facts showing any plausible causal connection

6

between her 2003 complaints and subsequent litigation of the claims . . . and the February 2012 disciplinary action." S.A. 22. Temporal proximity "between the exercise of a federal constitutional right and an allegedly retaliatory action" is sufficient to establish a *prima facie* case of retaliation under Title VII, but only if it is "very close." *See Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014). On appeal, Dotson argues that this Court should find temporal proximity between the jury's award of damages in *Dotson I* on November 16, 2011, and the discipline, which occurred on February 13, 2012. But in order to find retaliation proven by temporal proximity, the more relevant starting point is the time of the employee's protected activity—here the filing of the lawsuit, not its ultimate resolution.

Dotson points to *Singleton*, where the Second Circuit affirmed a district court's conclusion that a reasonable jury could find that the decision not to promote an employee in September 2004 "necessarily followed closely" on protected activity "[b]ecause . . . litigation against the [employer] was ongoing." *Singleton v. Mukasey*, No. 06-Civ-6588, 2008 WL 2512474, at *6 (S.D.N.Y. June 13, 2008), *aff'd sub nom. Singleton v. Holder*, 363 F. App'x 87 (2d Cir. 2010) (summary order). But Dotson's case is distinguishable from *Singleton*. The time between the initial filing of the lawsuit in *Singleton* and the allegedly retaliatory action was much shorter. The *Singleton* plaintiff filed a lawsuit in April 2004 and was passed over for promotion in September of the same year. *Id.* at *1-2. And the *Singleton* litigation was ongoing at the time of the alleged retaliation; it did not conclude until 2006. *Id.* at *6 ("[A] reasonable jury could conclude that the adverse decisions were retaliation for Singleton's ongoing lawsuit."). Here, about eight years passed between the commencement of Dotson's lawsuit and the alleged retaliation. *See, e.g.*, *Cook v. CBS, Inc.*, 47 F. App'x 594, 596 (2d Cir. 2002) (summary order) ("Because the first lawsuit was filed four years before the allegedly

adverse actions, the two are not sufficiently close in time to lead to an inference of discrimination."). And even assuming *arguendo* that the Court should look to a jury verdict as the protected activity here, the temporal proximity between the protected activity and an adverse action must be "very close." *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)); *see also id.* (citing Tenth Circuit case in which a three-month period was deemed insufficiently close to infer causation). We conclude that on this record, *Singleton* does not control.

### D. Remaining Claims

We affirm the dismissal of the remainder of Dotson's claims for substantially the reasons stated by the district court. Dotson failed to present evidence that she engaged in "protected activity" when she privately told Officer Calverase to seek legal counsel in filing an EEOC complaint. *See generally Crawford v. Metro. Gov't of Nashville and Davidson Cty., Tenn.*, 555 U.S. 271, 279 (2009) (holding that an employee who speaks out against discrimination during an internal investigation is protected by Title VII); *Wimmer v. Suffolk Cty. Police Dept.*, 176 F.3d 125, 134 (2d Cir. 1999) (stating that an employee who "protested" employment conditions with a "good faith, reasonable belief" that those conditions violated Title VII would be engaged in protected activity). Nor did she present sufficient evidence that the Onondaga County District Attorney took steps to perfect the appeal of a dismissal of criminal charges against her in retaliation for adding claims against two SPD Defendants-Appellees in another case. Finally, Dotson's allegations of discrimination and retaliation were insufficient to "give rise to a new claim" for *Monell* liability. *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 113-14 (2d Cir. 2000); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) ("[I]solated acts . . .

8

[by] municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability.").

## III.    Conclusion

We have considered Dotson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9