Deng v. New York State Office of Mental Health

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> CHRISTOPHER F. DRONEY,
> > *Circuit Judge*,
> JEFFREY ALKER MEYER,
> > *District Judge.\**

_____

Ren Yuan Deng,

> *Plaintiff-Appellant*,

> v.                                                                                        18-2411

New York State Office of Mental Health, Molly Finnerty, Emily Leckman-Westin, Lynn Heath, Barbara Forte, Paul Connelly, and Michael Hogen,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                                      Ren Yuan Deng, *pro se*, New York, N.Y.

_____

* Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

FOR DEFENDANTS-APPELLEES:  Mark S. Grube, New York State Office of the Attorney General, New York, N.Y.

Appeal from an order of the United States District Court for the Southern District of New York (Carter, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Ren Yuan Deng, proceeding *pro se*, appeals the district court's order denying her Fed. R. Civ. P. 60(b) motion for reconsideration of its order granting summary judgment in favor of the defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.        Jurisdiction

Although Deng purports to appeal from both the district court's denial of her Rule 60(b) motion and its underlying order granting summary judgment, we do not have jurisdiction over the appeal of the underlying judgment. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A) (30-day deadline where neither party is the federal government); 28 U.S.C. § 2107(a). The time to file a notice of appeal is tolled during the pendency of a Rule 60 motion if that motion is filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi). Deng's notice of appeal was timely only as to the Rule 60(b) denial. And her Rule 60(b) motion was not filed within 28 days of the district court's order granting the defendants' motion for summary judgment, so the time to appeal the judgment was not tolled. *See id.*; *Phillips v. Corbin*, 132 F.3d 867, 868–69 (2d Cir. 1998) (per curiam) (noting

that a Rule 60(b) motion will toll the time to appeal only if it is filed within the time specified in Rule 4(a)).

Deng's motions to extend the time to file her Rule 60(b) motion do not alter that outcome because those motions are not one of the specified motions in Fed. R. App. P. 4(a)(5) and (6). *See Cyrus v. City of New York*, 450 F. App'x 24, 25 (2d Cir. 2011) (summary order); *cf. Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments."). Deng's motions to extend the time to file a Rule 60(b) motion cannot be construed as notices of appeal (or requests to extend the time to appeal), because nothing in those motions demonstrated an intent to appeal. *See Haugen v. Nassau Cty. Dep't of Social Servs.*, 171 F.3d 136, 138 (2d Cir. 1999) (per curiam) (finding that a document "must specifically indicate the litigant's intent to seek appellate review" to be construed as an effective notice of appeal (internal quotation marks omitted)). Finally, the savings clause of Rule 60 has no bearing on this jurisdictional analysis, because it does not pertain to the timeliness of an appeal from the underlying judgment. *See* Fed. R. Civ. P. 60(d). We thus lack jurisdiction over the district court's grant of summary judgment in favor of the defendants and proceed to review only the order denying Deng's Rule 60(b) motion.

## II.    Denial of Rule 60(b) Motion

We review the denial of a Rule 60(b) motion for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence[.]" *Id.* (internal quotation marks omitted). Rule 60(b) is "a mechanism for

3

'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir. 1994)). A Rule 60(b) motion "cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Specifically, Rule 60(b)(3) allows vacatur of a judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The movant must establish such fraud by clear and convincing evidence. *Fleming*, 865 F.2d at 484 (finding district court did not abuse its discretion in denying Rule 60(b)(3) motion where that motion was a "mixed bag, including some items of little probative value and others that might have given pause if submitted earlier in opposition to the summary judgment motion"). Further, the movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted).

Here, Deng's Rule 60(b) motion mostly recharacterizes arguments made in her opposition to summary judgment as instances of "fraud." Even if the specific examples of omissions and contradictions cited by Deng in her motion constituted fraud, misrepresentation, or misconduct by the defendants, Deng failed to show that she was prevented from fully and fairly litigating her case. And her Rule 60(b) motion overall attempts to relitigate her summary judgment motion, which is improper. *See Schrader*, 70 F.3d at 257. Therefore, the district court did not abuse its discretion in denying Deng's Rule 60(b) motion.

We have considered all of Deng's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5